NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
Assistant United States Attorney
Deputy Chief, International Narcotics,
 Money Laundering & Racketeering Section
MAX B. SHINER (Cal. Bar No. 187125)
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section
KEITH D. ELLISON (Cal. Bar No. 307070)
Assistant United States Attorney
International Narcotics, Money
 Laundering & Racketeering Section
     1400/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: 213-894-5339/3308/6920
     Facsimile: 213-894-0142
     E-mail: shawn.nelson@usdoj.gov
             max.shiner@usdoj.gov
             keith.ellison2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>                  v.<br><br>JOSE LANDA-RODRIGUEZ, et al.,<br> [#2-LUIS VEGA]<br><br>            Defendant. | No. CR 18-00173-GW-2<br><br>GOVERNMENT'S POSITION REGARDING PRESENTENCE REPORT FOR DEFENDANT LUIS VEGA<br><br>Sentencing Date: July 6, 2020<br>Hearing Time: 2:30 p.m.<br>Location: Courtroom of the<br> Honorable George H. Wu |

     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Shawn J. Nelson, Max

///

B. Shiner, and Keith D. Ellison, hereby files its position regarding the presentence report ("PSR") for defendant LUIS VEGA ("defendant").

This opposition is based upon the attached memorandum of points and authorities, the PSR, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 1, 2020                    Respectfully submitted,

                                       NICOLA T. HANNA
                                       United States Attorney

                                       BRANDON D. FOX
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                        /S/
                                       _____
                                       SHAWN J. NELSON
                                       MAX B. SHINER
                                       KEITH D. ELLISON
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

On December 20, 2019, defendant LUIS VEGA pleaded guilty to Count One of the Indictment, which charges him with conspiracy to engage in racketeering, in violation of 18 U.S.C. § 1962(d).  (PSR ¶ 2.)

On March 23, 2020, the United States Probation Office ("USPO") filed the PSR.  Concurrently, the USPO filed a recommendation letter in which it recommended, in agreement with the parties, that defendant be sentenced to 135 months' imprisonment.  (USPO disclosed recommendation letter, p.1.)

The parties have agreed that a 135-month sentence, to be served concurrently with the sentence in case number CR 13-484-CAS, is the appropriate sentence, taking into account the factors listed in 18 U.S.C. § 3553(a).  (Plea Agreement ¶ 15.)  The government submits the following in support of its request that the Court impose the sentence of imprisonment jointly requested by the parties and the USPO.

### II.  THE OFFENSE CONDUCT

Defendant conspired to engage in racketeering in relation to the Mexican Mafia's criminal enterprise that seeks to control the profits from drug distribution with the Los Angeles County Jail ("LACJ").  The Mexican Mafia LACJ Enterprise (the "Enterprise") engaged in drug trafficking, extortion, money laundering, witness intimidation, and witness retaliation.  (Plea Agreement ¶¶ 11.a.; PSR ¶ 14.)  As part of its pattern of racketeering conduct, the Enterprise committed, attempted to commit, and threatened to commit acts of violence, including assaults and murders, to protect and expand its criminal

1   operation, and promoted a climate of fear among rival gang members,

2   potential witnesses to the Enterprise's criminal conduct, Hispanic

3   gang members and inmates, and those who may cooperate with law

4   enforcement authorities.  (Plea Agreement ¶ 11.b.; PSR ¶ 15.)

5       The Enterprise smuggled controlled substances into LACJ for

6   distribution, and used the threat of violence to extort others

7   engaged in the smuggling and distribution of controlled substances

8   within LACJ, as a means to generate income. The Enterprise engaged in

9   extortion of inmates by other means, including by the operation of a

10  "kitty" within LACJ and by issuing fines for violations of Mexican

11  Mafia rules, as other sources of generating income.  Further, the

12  Enterprise used the threat of violence to profit from drug

13  trafficking outside of LACJ by members of Southern California

14  Hispanic street gangs ("Sureños") controlled by or affiliated with

15  the Mexican Mafia, by requiring the payment by these gangs of a

16  portion of their drug proceeds, which amounted to extortion of drug

17  dealers.  (Plea Agreement ¶ 11.c.; PSR ¶ 16.)

18      From at least November 2011 to at least July 2012, defendant

19  participated in the Enterprise knowing of its purpose and intending

20  to help accomplish it.  (Plea Agreement ¶ 11.e.; PSR ¶ 17.)

21      Defendant's position in the Mexican Mafia's Los Angeles County

22  Jail racketeering enterprise was such that he had the authority to

23  control criminal proceeds and order the commission of criminal acts

24  by members of street gangs under its control.  (Plea Agreement

25  ¶ 11.f.; PSR ¶ 18.)  Defendant agreed that the conspiracy would

26  involve the distribution of controlled substances and solicitation of

27  murder.  (Plea Agreement ¶ 11.e.; PSR ¶ 17.)

28  ///

Defendant committed acts in furtherance of the racketeering conspiracy, including bringing a firearm to the residence of an individual for the purpose of making that person agree to allow his home to be used to store weapons and drugs.  (Plea Agreement ¶ 11.g.i.; PSR ¶ 19.)

Significantly, defendant himself ordered, in a handwritten jail letter, or "kite," that an unindicted co-conspirator ensure that a Sureño would be assaulted for falsely claiming to have authority within the Enterprise, and that another Sureño would be stabbed 13 times as discipline for disrespecting defendant.  (Plea Agreement ¶ 11.g.ii.; PSR ¶ 19.)

## III.   THE SENTENCING GUIDELINES CALCULATIONS

### A.   Offense Level

The USPO determined the base offense level for defendant's conduct in regard to the conduct involving solicitation to commit murder to be level 33.  (PSR ¶ 38.)  The government agrees with this base offense level calculation, consistent with the stipulated sentencing factors set forth in paragraph 13 of the Plea Agreement, and recommends the three-level adjustment for acceptance of responsibility.

### B.   Criminal History

The government agrees with the PSR's calculation of defendant's criminal history category as IV, based on eight criminal history points.  (PSR, ¶¶ 68-73.)

### C.   The PSR's Guidelines Sentencing Range and Recommendation

While calculating a sentencing range of 235 to 240 months' imprisonment, the USPO joined the parties in recommending that

///

1  defendant be sentenced to 135 months' imprisonment.  (USPO disclosed

2  recommendation letter, p.1.)

3  **IV.  GOVERNMENT'S RECOMMENDATION**

4       The government respectfully recommends that the Court sentence

5  defendant to 135 months of imprisonment, to be served concurrently

6  with defendant's sentence in case number CR 13-484-CAS.[1]  In light of

7  defendant's history and the characteristics of the instant offense,

8  the government submits that such a sentence would be sufficient, but

9  not greater than necessary, to meet the sentencing goals set forth in

10 18 U.S.C. § 3553(a).

11      This case involves an unusual situation.  Defendant has been in

12 custody since November 16, 2011, when he was arrested for conduct

13 related to the instant offense, resulting in state charges being

14 filed.  Since that time, he has been charged in this case and in case

15 number CR 13-484-CAS.  It is clear that defendant is entitled to

16 credit for the time he has spent in custody since that arrest.  For

17 that reason, the government requests that the Court recommend to the

18 United States Bureau of Prisons ("BOP") that defendant receive credit

19 for time spent in custody between November 16, 2011, and the date of

20 sentencing in this case, for purposes of 18 U.S.C. § 3585(b).

21      The government further recommends that all fines be waived, and

22 that defendant be placed on a three-year term of supervised release

23 following imprisonment, with the following agreed-upon special

24 condition:

25      Defendant shall submit to the search, with or without
        probable cause or reasonable suspicion, of defendant's
26      person, vehicle, residence, digital devices, including cell

27 ───────────────

28      [1] As part of the plea agreement, defendant waived his right to
appeal, provided the Court imposes a total term of imprisonment of no
more than 135 months.  (Plea Agreement ¶ 18.)

4

phones, and any other real or personal property under
defendant's control.

(Plea Agreement ¶ 2.i.; PSR ¶ 8.)

In <u>United States v. Magdirila</u>, No. 18-50430 (9th Cir. June 23,
2020), the Ninth Circuit held that Standard Condition 14 (under
General Order 05-02 which was superseded by General Order 18-10, in
turn superseded by General Order 20-04) is unconstitutionally vague.
Accordingly, the Court should not impose Standard Condition 14 as
written.

**V.   CONCLUSION**

For the reasons stated above, the government respectfully
requests that the Court impose its recommended sentence.